Court, this case concerns the application of sentencing guideline section 2L1.2's definition of crime of violence, and in particular the definition of burglary of a habitation. In the particular case, it's the application of those definitions to the Ohio statute governing burglary in the third degree as it existed in 1996 when this defendant was convicted under that statute as a lesser included offense. The question in our briefing is even more narrowed. It is, how does the Ohio offense fit within this court's definition of burglary of a habitation as this court decided in Herrera Montes and subsequent decisions? In Herrera Montes, the court clearly stated that burglary requires an unprivileged entry or remaining into a building and with the intent to commit an offense. Most importantly for this case, the court also said that that intent to commit the other offense has to exist or arise either before or at the time that the entry is unprivileged or that the remaining in becomes unprivileged. And the court dealt in footnote number one of its opinion in Herrera Montes with those and then subsequently loses that privilege. For example, when the store closes, I believe, is the example that the court dealt with exactly. And so the court made a clear distinction between an offense such as those where you might have an initial privileged entry and then later it becomes unprivileged and the intent then later arises from those offenses that the court intended to be included within burglary of a habitation or burglary generally, which are those offenses where the intent to do the underlying crime is co-terminus or co-existent with that trespass itself, whether it's remaining in or whether it's the entry format. Your theory on appeal, as I understand it, correct me if I'm wrong, depends necessarily on the assertion that the Fontes case from Ohio is applied retrospectively. Yes, Your Honor. And as you mentioned in the Fontes case, that's where the Ohio Supreme Court in 2000 made clear that they were applying Ohio law for an intent that arises at any point during the process of what then is qualified as a burglary. In other words. So it doesn't fit the generic burglary definition. Exactly. And then as we quoted in our reply brief, Ohio Supreme Court as far back as 1955 had set down a principle that when that Supreme Court makes a decision in the interpretation of statutes in this format, that that interpretation is both applying prospectively and retroactively and that it declares what the law always was, not changing the law itself. So that would be why under Ohio law, this court should follow that same principle. And that also flows from, I believe, the decision in Mathis where the Supreme Court most recently has focused very clearly on the state of the state law to make determinations regarding sentencing enhancements. And it also flows from another Supreme, two other Supreme Court cases that I will submit to the Court in a 28-J letter. They weren't in our briefing, but Johnson v. Frank Nell where the Court clearly stated that the federal courts are bound by the highest court of a state's decision concerning state law, both substantive and procedural. And then that principle was cited again in the Supreme Court's decision in Johnson v. United States from 2011 on the definition of crime of violence where the Court looked to the Florida Supreme Court's definitions, including a definition that had been determined by that Florida Supreme Court subsequent to the conviction of that particular defendant in Florida court. So yes, Your Honor, it is required that this Court apply the Ohio Supreme Court's definition with the retroactive effect that the Ohio Supreme Court itself applies to this form of decision otherwise. The government's briefing in this case at first seems to question the validity of Herrera-Montes and whether that panel of this Court got it right in terms of when the intent has to arise. But there's been no overruling en banc of this Court's decision since that date, and so no reason to question the now nine years in which the Court has consistently applied the same definition. The government's briefing also questions whether or not this Court addressed the remaining in type of trespass as opposed to the unprivileged entry. And there is a subsequent unpublished decision that does make that distinction, but Herrera-Montes itself clearly addressed. Was that Davis? Yes, Your Honor. But Herrera-Montes in the opinion itself and particularly in footnote number one, Judge Higginbotham did directly address both the unprivileged entry and the unprivileged remaining in. And especially now after Mathis, the government's position is very problematic. The Ohio statute that the Court is dealing with addresses only a trespass. The Ohio law then defines what trespass might be, but there's been no argument that the Ohio law of burglary with regard to the format that the trespass takes is now indivisible. Or is now divisible. In other words, there's been no citation to Ohio's Supreme Court case. There's been no citation to any other Ohio law that would require that the form of trespass, whether a remaining in or an unprivileged entry, be charged in the indictment or proved to a jury and that jury unanimity would be required. So in terms of divisibility, there's no basis to find that the Court can go behind the term trespass in the statute itself. But even if the Court could, on this record, there's nothing to apply that to. The indictment, which was not the indictment or the charge to which Mr. Bernal-Aveja pled, that indictment itself simply said trespass. Mr. Bernal-Aveja, of course, pled to a lesser-included offense, so the indictment itself could not even be used under the modified categorical approach. But even if it could, it wouldn't lead us beyond just the generic trespass, which includes both the unprivileged entry and remaining in. So the bottom line on all of this is the intent, as determined by Ohio's Supreme Court case law, is very different from what this Court has consistently applied. There's no basis to go beyond that in Mr. Bernal-Aveja's case, and the District Court committed error in holding otherwise. In this case, these issues were preserved by written objections presented to the Court. The Court, in its sentencing, did not hear argument on this issue, the issue of whether one could define the habitation or dwelling in an appropriate manner. We have not pursued that issue on appeal, but the issue that we are pursuing on appeal was raised and it was ruled on at the very beginning of the sentencing hearing by Judge Lake. And for that reason, Your Honor, we would argue that in this case, this Court should vacate the sentence and remand to Judge Lake holding that burglary of a habitation cannot be generic burglary, given the definition applied by the Ohio Supreme Court. And I'll reserve the remainder of the time unless the Court has other questions. Yes, you've saved time for rebuttal. Thank you, Mr. Herman. Mr. Kim? May it please the Court. My name is Paul Kim. I represent the United States Government in this case. And Bernal's challenge on appeal is limited to whether the intent element for Ohio's third-degree burglary statute categorically matches with generic burglary of a dwelling. For the categorical approach, this Court, of course, starts with Taylor. And in Taylor, they discuss, they define generic burglary in pertinent part as containing an intent element and as encompassing both Taylor specifically warned that the generic elements, the exact formulations would vary in terms of the generic elements, and therefore required only that a state offense substantially correspond to the generic offense. Ohio's third-degree burglary statute includes an intent element and encompasses both unlawful entry and remaining in. But the temporal part of the intent element is considerably different, isn't it, under the Fontas case in Ohio? Well, facially, when looking, comparing the generic elements as defined in Taylor and looking at the statute, the Ohio statute, they are essentially the same. They both require, simply require intent. So at that level, there's a substantial correspondence and we have a categorical match. Now, Mr. Bernal does argue that this Court's interpretation of Taylor in Herrera-Montes conflicts with the Ohio Supreme Court's holding in Fontas and that this conflict prevents a categorical match. Well, you do agree, don't you, that under reading of Fontas that the intent can be formed at any time, not just at the time of entry or at the time at which the entry becomes unlawful? Yes, Your Honor. In Fontas, they did hold that intent had to be formed during the course of the trespass. And under Ohio law, trespass encompasses both unlawful entry or remaining in. So that is a form of contemporaneous intent. They did not, I mean, Mr. Bernal sort of implies that Fontas would permit intent to be formed after the remaining in, but that is not true. It has to be with either unlawful entry or remaining in. Now, in Herrera-Montes, this Court stated, Taylor requires that the defendant intend to commit a crime at the time of unlawful entry or remaining in. That is essentially, again, a requirement that intent must coexist with either or be contemporaneous with either unlawful entry or remaining in. Now, as this Court stated in between the timing of intent and remaining in, because Herrera-Montes was not dealing with a statute that encompassed remaining in. But if we look to Taylor, Taylor also did not discuss any of the timing aspects for the intent element. But when Taylor issued the elements of generic burglary, it relied on LeFave and Scott's treatise, Substantive Criminal Law. In that treatise, LeFave and Scott recognized there are two types of burglary statutes. There are common law statutes which encompass only unlawful entry. And for those statutes, intent must exist at the time of entry. More modern statutes encompass both unlawful entry and remaining in. And for those statutes, intent does not have to exist at the time of entry, but instead must be broadened to accommodate the remaining in. So for those statutes, LeFave and Scott stated, quote, the requisite intent to commit a crime within need only exist at the time the defendant unlawfully remained within, unquote. So as with Herrera-Montes, that is a contemporaneous intent requirement. And it is our position that that is in conformity with Fontes. They all require contemporaneous intent. Now, I think what complicates this issue is that the nature of the events, unlawful entry and remaining in, differ. Because unlawful entry is a discrete moment in time. So applying the intent requirement to the moment of unlawful entry is much easier, but remaining in is a continuing offense. And so there may be variations in terms of how or when exactly to apply the intent requirement to the remaining in offense. Mr. Bernal is attempting to equate these two different types of events by reading into the contemporaneous intent requirement a mandate that the intent must be formed at the beginning of the continuing in offense as opposed to during. But he has no actual authority stating that generic burglary requires that the intent for remaining in offense exists at the beginning of the remaining in offense. Why doesn't the Fontes opinion do that? It accommodates the fact that, you know, remaining in is a continuing offense. And Fontes relied on an earlier case called Powell. And in that case, the trespass of the defendant is not complete until so long as the defendant remains in the structure being burglarized. So therefore, that is a recognition that remaining in is a continuing offense, and therefore the intent has to occur at some point during the remaining in, but not necessarily at the beginning. Furthermore, more importantly, Taylor did not discuss the timing of intent, and Herrera-Montes did not delve deeper into the timing of intent, nor did Lefaven-Scott. Therefore, Mr. Bernal simply has no authority showing that the intent must exist at the beginning of the remaining in offense. Moreover, under Taylor, delving this deep into the intent must exist is frankly a variation that Taylor warned would occur and that Taylor stated should not be used in terms of preventing a categorical match. Taylor requires only that the state offense substantially correspond to the generic elements. And in this case, we have shown that the offense of third-degree burglary in Ohio substantially corresponds to the generic elements of burglary of a dwelling. And therefore, the district court correctly applied the adjustment on that basis. All right. Thank you, Mr. Kim. Thank you.  Your Honor, I believe the confusion here comes in the definitions and how we're dealing with these two separate elements of an Ohio trespass. But it's the same distinction that we have under Texas law, for example, which this Court has dealt with, or under the Tennessee law that was dealt with in Herrera-Montes. And that is when there is a difference between remaining in and entering. What is clear is that whatever triggers the burglary statute under Taylor and then under Herrera-Montes, it has to be unprivileged. And so this Court in Herrera-Montes made it clear. If you're proceeding under an entry prong of a statute, then the entry has to be unprivileged and the intent has to arise before or at the time of that unprivileged entry. The remaining in type of statute, the remaining in form of trespass, if it's going to be a crime under Taylor, also has to be unprivileged. And this Court in Herrera-Montes made that clear. The Court stated that it was dealing with both unlawful entry or remaining in. And on page 392, the Court said, and Taylor requires that the defendant intend to commit a crime at the time of unlawful entry or remaining in. That doesn't mean that any remaining in can constitute a burglary. What it means is a remaining in that is an unprivileged. And so the Court continued on a couple of lines later. For example, teenagers who unlawfully enter a house only to party and later decide to commit a crime are not common burglars. That's because they didn't have the intent to commit the underlying crime at the time of the lack of privileged entry. And the Court makes very similar comments in footnote number one. Of course, if the intent could be formed any time, then every crime committed after an individual, after an unlawful entry or remaining in would be a burglary. And so the example would be, for example, a party, as the Court mentioned, of teenagers where the initial entry is lawful itself. And then the privilege ends when people are asked to leave. And so those who remain at that point become unprivileged, not because they made an illegal entry, not because they made an unprivileged entry, but because at that point they have an unlawful remaining in. And so the Court, the application of the Court's reasoning there is clear. The intent to commit the offense, to distinguish burglary from a common trespass, then followed by some other crime committed later, is that the intent exists at the time that your remaining in that structure is itself unprivileged as opposed to privileged on invitation, whether commercial privilege is in a store which is another example cited, or whether in the habitation context itself. That's why the government's reliance on remaining in simply doesn't fit with Herrera-Montes. And Herrera-Montes does address these issues, and it addresses them in terms of what remaining in would require. And finally, in the Fontes case as well, the Ohio Court simply made clear that the intent required under Ohio law is anything that occurs during the course of a trespass, whether that intent existed at the time the trespass began or not. Which, again, makes it substantially broader, it seems to me. I mean, I think you're right about that. Yes, Your Honor. The Court has held that twice. And so if there are no other questions, then I will close with that observation. All right. Thank you, Mr. Berman. Your case is under submission, and the Court will take